IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESIREA BARNES, as Administrator of the Estate of MARCELLUS PERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>D. KAVALAUSKAS #15272 and the CITY OF CHICAGO,<br><br>    Defendants. | Judge Rebecca Pallmeyer<br>Magistrate Judge Schenkier<br><br>Case No. 09 cv 3634 |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit D. KAVALAUSKAS #15272 (hereinafter, the "DEFENDANT OFFICER") and the CITY OF CHICAGO.

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

3. PLAINTIFF DESIREA BARNES is the administrator of the estate of MARCELLUS PERRY. PLAINTIFF BARNES is the mother and next-of-kin of MARCELLUS PERRY.

4. The DEFENDANT OFFICER was at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

1

5. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICER, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICER was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

6. On or about June 11, 2009, at approximately 7000 S. Eggleston Avenue, Chicago, Illinois, at or about 7:00 p.m., the DEFENDANT OFFICER was engaged in an unreasonable seizure of the decedent, MARCELLUS PERRY. Specifically, DEFENDANT OFFICER D. KAVALAUSKAS #15272 shot MARCELLUS PERRY in his head despite the fact that MARCELLUS PERRY had not resisted arrest, threatened the DEFENDANT OFFICER, and was not a threat to the DEFENDANT OFFICER. This conduct violated the Fourth Amendment to the United States Constitution.

7. On or about June 11, 2009, MARCELLUS PERRY did not obstruct justice, resist arrest, batter and/or assault the DEFENDANT OFFICER.

8. On or about June 11, 2009, MARCELLUS PERRY did not provoke the DEFENDANT OFFICER in any manner that justified the use of force against him.

9. On or about June 11, 2009, MARCELLUS PERRY did not engage in any activity that caused the DEFENDANT OFFICER to believe that he was going to cause them injury.

10. On or about June 11, 2009, MARCELLUS PERRY did not have a weapon on his person when he was shot by the DEFENDANT OFFICER.

11. On or about June 11, 2009, MARCELLUS PERRY did not have any contraband on his person when he was shot by DEFENDANT OFFICER D. KAVALAUSKAS #15272.

12. It was not necessary for the DEFENDANT OFFICER D. KAVALAUSKAS #15272 to shoot MARCELLUS PERRY on June 11, 2009.

13. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICER was excessive, unreasonable, and caused the death of MARCELLUS PERRY.

14. The force utilized by the DEFENDANT OFFICER was reckless, willful and utterly disregarded the rights and safety of MARCELLUS PERRY. This conduct was performed deliberately, with oppression, and with such gross negligence as to indicate a wanton disregard for the rights and safety of MARCELLUS PERRY.

15. The conduct of the DEFENDANT OFFICER proximately caused MARCELLUS PERRY's death.

16. As a direct and proximate result of MARCELLUS PERRY's death, his heirs have been deprived of his companionship, society, love, affection, and a pecuniary interest.

17. As a result of the conduct of the DEFENDANT OFFICER, MARCELLUS PERRY suffered pain and anguish prior to his death.

18. On or about June 11, 2009, the DEFENDANT OFFICER was on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICER engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICER.

**COUNT I**
**Excessive Force Claim Pursuant to 42 U.S.C. § 1983**
**and the Fourth Amendment to the U.S. Constitution -** *Wrongful Death action*

19. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

20. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICER amounted to an excessive use of force against MARCELLUS PERRY.

21. This conduct violated the Fourth Amendment of the United States Constitution.

22. Pursuant to federal and state law and the Illinois Wrongful Death Act (740 ILCS 180), the Plaintiff, as next-of-kin and representative of MARCELLUS PERRY'S estate, brings this action to recover losses suffered by the next of kin of MARCELLUS PERRY.

23. The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above and, further, proximately caused MARCELLUS PERRY'S death and for his next of kin to lose his companionship, society, love, affection, and suffer a pecuniary loss.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

## COUNT II
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution – *Survival action*

24. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

25. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICER amounted to an excessive use of force against MARCELLUS PERRY.

26. This conduct violated the Fourth Amendment of the United States Constitution.

27. Pursuant to federal and state law and the Illinois law regarding survival actions (755 ILCS 5/27-6), the PLAINTIFF, as representative of MARCELLUS PERRY'S estate, brings this action to recover damages resulting from injuries to MARCELLUS PERRY.

4

28. The aforementioned actions of the DEFENDANT OFFICER proximately caused MARCELLUS PERRY to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

29. In addition, the aforementioned actions of the DEFENDANT OFFICER proximately caused the dath of MARCELLUS PERRY, such that PLAINTIFF suffered damages in the form of loss of life, for which PLAINTIFF demands compensatory damages on behalf of the estate for the benefit of his heirs.

30. Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANTS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANTS and whatever additional relief this Court deems equitable and just.

### COUNT III
### Battery – State Law Claim – *Wrongful Death action*

31. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

32. The DEFENDANT OFFICER intentionally directed and discharged his firearm at MARCELLUS PERRY without provocation or just cause.

33. The DEFENDANT OFFICER shot and killed MARCELLUS PERRY without provocation or just cause.

34. MARCELLUS PERRY did not consent to having a firearm pointed at him.

35. MARCELLUS PERRY did not consent to being shot by one of the DEFENDANT OFFICER.

36. The DEFENDANT OFFICER committed a battery against MARCELLUS PERRY under Illinois law.

37. Pursuant to state law and the Illinois Wrongful Death Act (740 ILCS 180), the Plaintiff, as next-of-kin and representative of MARCELLUS PERRY'S estate, brings this action to recover losses suffered by the next of kin of MARCELLUS PERRY.

38. The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the death of MARCELLUS PERRY, thereby depriving his heirs of companionship, society, love, affection, and pecuniary interests.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands costs against the DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery – State Law Claim – *Survival action*

39. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

40. Pursuant to state law and the Illinois law regarding survival actions (755 ILCS 5/27-6), the PLAINTIFF, as representative of MARCELLUS PERRY'S estate, brings this action to recover damages resulting from injuries to MARCELLUS PERRY.

41. The DEFENDANT OFFICER intentionally directed and discharged his firearm at MARCELLUS PERRY without provocation or just cause.

42. The DEFENDANT OFFICER shot and killed MARCELLUS PERRY without provocation or just cause.

43. MARCELLUS PERRY did not consent to having a firearm pointed at him.

44. MARCELLUS PERRY did not consent to being shot by the DEFENDANT OFFICER.

45. The DEFENDANT OFFICER that shot MARCELLUS PERRY committed a battery under Illinois law.

46. The aforementioned actions of the DEFENDANT OFFICER caused MARCELLUS PERRY to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

47. Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands costs against the DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

### COUNT V
### State Law Claim Against the City of Chicago for Willful and Wanton Behavior – *Wrongful Death action*

48. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

49. The CITY OF CHICAGO, by and through the DEFENDANT OFFICER, owed MARCELLUS PERRY a duty to refrain from engaging in willful, wanton, and reckless conduct during their interactions with him on June 11, 2009.

50. Notwithstanding the duties the CITY OF CHICAGO owed MARCELLUS PERRY, the DEFENDANT OFFICER committed the following willful and wanton acts:

   a. Discharging a firearm at MARCELLUS PERRY although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the DEFENDANT OFFICER;

   b. Shooting MARCELLUS PERRY although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the DEFENDANT OFFICER;

   c. Discharged a firearm at MARCELLUS PERRY although he was unarmed; and

   d. Shooting MARCELLUS PERRY although he was unarmed.

7

51. The acts and omissions of the CITY OF CHICAGO, by and through the DEFENDANT OFFICER, proximately caused MARCELLUS PERRY's death, thereby depriving his heirs of his society, companionship, love, affection, and pecuniary interests.

52. Pursuant to state law and the Illinois Wrongful Death Act (740 ILCS 180), the Plaintiff, as next-of-kin and representative of MARCELLUS PERRY'S estate, brings this action to recover losses suffered by the next of kin of MARCELLUS PERRY.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands costs against the DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

## COUNT VI
## State Law Claim Against the City of Chicago for Willful and Wanton Behavior –
### *Survival action*

53. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

54. Pursuant to state law and the Illinois law regarding survival actions (755 ILCS 5/27-6), the PLAINTIFF, as representative of MARCELLUS PERRY'S estate, brings this action to recover damages resulting from injuries to MARCELLUS PERRY.

55. The CITY OF CHICAGO, by and through the Defendant Officers, owed MARCELLUS PERRY a duty to refrain from engaging in willful, wanton, and reckless conduct during their interactions with him on June 11, 2009.

56. Notwithstanding the duties the CITY OF CHICAGO owed MARCELLUS PERRY, the DEFENDANT OFFICERS committed the following willful and wanton acts:

   a. Discharging a firearm at MARCULLUS PERRY although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the DEFENDANT OFFICER;

8

    b. Shooting MARCELLUS PERRY although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the DEFENDANT OFFICER;

    c. Discharged a firearm at MARCELLUS PERRY although he was unarmed; and

    d. Shooting MARCELLUS PERRY although he was unarmed.

57. The acts and omissions of the CITY OF CHICAGO, by and through the DEFENDANT OFFICER, proximately caused MARCELLUS PERRY to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

58. Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICER. PLAINTIFF also demands costs against the DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

## COUNT VII
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

59. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

60. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICER.

61. The DEFENDANT OFFICER, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICER be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICER as a result of this Complaint.

## COUNT VIII
### Supplementary Claim for *Respondeat Superior*

62. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

63. The aforesaid acts of the DEFENDANT OFFICER were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICER be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

64. PLAINTIFF demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076